UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 3:10-00065 |
| | ) | JUDGE CAMPBELL |
| QUINCY MAURICE FUQUA | ) | |

MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion For Judgment Of Acquittal Notwithstanding The Verdict And, In the Alternative, Motion For New Trial (Docket No. 261), Supplemental Memorandum In Support (Docket No. 273), and Second Supplemental Memorandum In Support (Docket No. 308). The Government has filed a Response (Docket No. 290) and an Amended Response (Docket No. 291) to the Motion. As discussed below, the Court held a hearing on April 24, 2013 at the Defendant's request to consider evidence relating to Trial Exhibit 8E. For the reasons set forth herein, the Defendant's Motion is DENIED.

After a week-long trial, the Defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count One); possessing a firearm in further of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Four); and possessing marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count Five). (Docket Nos. 22, 258).

Through the pending Motion, the Defendant contends: (1) that a judgment of acquittal on Counts Four and Five is warranted because the evidence was insufficient to prove the Defendant guilty of the drug trafficking crime alleged in Count Five, and consequently, Count Four fails

because conviction of Count Five is an element of Count Four; and (2) a judgment of acquittal is warranted on Count Four because the evidence does not support the drug trafficking element of 18 U.S.C. § 924(c).

In reviewing a motion for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, a court must view the evidence in the light most favorable to the Government, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court may not independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. Id.

The Defendant challenges his conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), as charged in Count Five of the Indictment. In order to sustain a conviction for possession with intent to distribute a controlled substance, the Government must prove that: (1) the defendant knowingly possessed a controlled substance; and (2) that he intended to distribute the controlled substance. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 14.01; United States v. Wettstain, 618 F.3d 577, 585 (6th Cir. 2010).

The Defendant argues that there was insufficient evidence that he, rather than the other three occupants of the house, possessed the marijuana found in the house. In addition, the Defendant argues that because the quantity of marijuana found was so insubstantial, there was insufficient evidence of "intent to distribute," as opposed to personal use.

The evidence at trial indicated that multiple bags and a McDonald's cup containing small

amounts of marijuana were found in the trash at the residence where the Defendant was staying. (Trial Transcript, Vol. II, at 11-14 (Docket No. 267)). Officers found digital scales with marijuana residue along with a black bag with marijuana and a clear plastic bag with marijuana in the kitchen of the residence, the room where the Defendant was standing when officers entered the residence to execute a search warrant. (Id., at 46-48, 69-70, 82, 94-96, 130-131). Other small amounts of marijuana were also found in the living room. (Id.) Officers found $1,640 in cash on the Defendant's person. (Id., at 24).[1] The Defendant also admitted that he discharged a firearm, one of two found in the kitchen, as the officers entered his residence. (Id., at 24; Trial Transcript, Vol. III, at 42-46 (Docket No. 268)). Finally, officers recovered a poster of different types of marijuana buds that was found hanging on a wall in the basement. (Trial Transcript, Vol. II, at 42-43 (Docket No. 267)). Viewing the evidence in the light most favorable to the Government, the Court concludes that the evidence was more than sufficient to support the jury's guilty verdict against the Defendant on the drug trafficking count.

As for Defendant's argument that other occupants of the house could have possessed the marijuana, the Court instructed the jury that the offense of possession with intent to distribute does not require that a defendant have sole possession of a controlled substance. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, §§ 2.10, 2.10A, 2.11, 14.01; United States v. Paige, 470 F.3d 603, 609 (6th Cir. 2006). Furthermore, although the small amount of marijuana found by officers is one factor the jury could consider in determining whether the Government proved an intent to distribute, there is no minimum amount required for conviction.

---

[1] The Defendant disputes the total dollar amount of the cash.

See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 14.01. Defendant's argument that the evidence was insufficient to sustain the jury's verdict on Count Five is without merit.

The Defendant argues that he is entitled to a judgment of acquittal on Count Four because the Government failed to prove that the Defendant committed a "drug trafficking crime." In order to sustain a conviction for possessing a firearm in furtherance of a drug trafficking crime, as charged in Count Four, the Government must prove: (1) the defendant committed a drug trafficking crime; (2) the defendant knowingly possessed a firearm; and (3) the possession of the firearm was in furtherance of the drug trafficking crime. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 12.03; United States v. Tyus, 379 Fed. Appx. 450, 451-52 (6th Cir. May 28, 2010).

The term "drug trafficking crime" is defined in 18 U.S.C. § 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . ." The Controlled Substances Act, in 21 U.S.C. § 841(a), prohibits possession of a controlled substance with intent to distribute. The statutory punishment for a violation of Section 841(a) depends upon the type and quantity of controlled substance, and the maximum term of imprisonment for a quantity of less than 50 kilograms of marijuana (if the defendant does not have a prior felony drug offense) is five years. 21 U.S.C. § 841(b)(1)(D).

The Defendant argues that 21 U.S.C. § 841(b)(4)[2] provides an exception to the definition of "drug trafficking crime" where the drug trafficking offense involves a small amount of

---

[2] The Defendant cites Section 841(b)(1)(E)(4), but the correct citation appears to be Section 841(b)(4).

4

marijuana for no remuneration. Section 841(b)(4) provides as follows:

> Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18.

18 U.S.C. § 844 sets forth the penalties for simple possession as up to one year of imprisonment, and 18 U.S.C. § 3607 sets forth special probation and expungement procedures for drug possessors.

As the Court explained during the trial, Section 841(b)(4) is a *penalty* provision for Defendants who distribute a small amount of marijuana for no remuneration. (Transcript of Trial, Vol. III, at 16-18, 24-29 (Docket No. 268); Transcript of Trial, Vol. IV, at 11-12 (Docket No. 269)). The Sixth Circuit has held that "where the amount of marihuana is undetermined . . . § 841(b)(1)(D) is the default provision for punishing possession of the drug with the intent to distribute, not § 841(b)(4)." Garcia v. Holder, 638 F.3d 511, 516 (6th Cir. 2011). Citing the First Circuit's decision in Julce v. Mukasey, 530 F.3d 30, 35 (1st Cir. 2008), the court explained that Section 841(b)(4) "'does not create a stand-alone misdemeanor offense,' but is rather 'best understood as a mitigating sentencing provision.'" 638 F.3d at 516 (quoting Julce, 530 F.3d at 35). In order to avoid punishment under the default provision, § 841(b)(1)(D), "'the defendant bears the burden of producing mitigating evidence in order to obtain misdemeanor treatment under § 841(b)(4).'" Id.

Based on the Sixth Circuit's reasoning, the Defendant's conviction of possession with intent to distribute an undetermined amount of marijuana is a felony under the default punishment provision of Section 841(b)(1)(D), and therefore, constitutes a "drug trafficking

5

crime" for purposes of Section 924(c).

The Defendant's request for a judgment of acquittal on Counts Four and Five is denied.

The Defendant contends that a new trial is warranted based on the following grounds: (1) the Court erroneously denied the Defendant's motion to sever Counts Four and Five; (2) the Court erred in permitting the victim to testify as to the ultimate issue of fact and law; (3) the verdict form was unnecessarily complicated and confusing; (4) the prosecution's closing argument mischaracterized certain evidence; and (5) the Court erred in excluding two defense witnesses.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court may grant a new trial to a defendant "if the interests of justice so require." When considering a motion under Rule 33, a court may weigh the evidence and assess the credibility of witnesses to insure that there is not a miscarriage of justice. United States v. Solorio, 337 F.3d 580, 589 n.6 (6th Cir. 2003); United States v. Ashworth, 837 F.2d 260, 266 (6th Cir. 1988).

The Defendant argues that the Court should have severed the firearms charges from the drug trafficking charge because trying the charges together focused the trial on the police raid and shooting and his prior conviction, and distracted the jury from the evidence to support drug trafficking. Severance is addressed by Federal Rule of Evidence 14, which provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"'[A] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts'" because society has an interest in

speedy and efficient trials. United States v. Caver, 470 F.3d 220, 238, (6th Cir. 2006)(quoting United States v. Beverly, 369 F.3d 516, 534 (6th Cir. 2004)). "Separate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." Id. The risk of prejudice, on the other hand, is presumed to be low because "'juries are presumed capable of sorting evidence and considering separately each count and each defendant.'" Id. (quoting United States v. Welch, 97 F.3d 142, 147 (6th Cir.1996)). Accordingly, severance is warranted "'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable determination about guilt or innocence.'" Id. (quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)).

"Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (quoting Zafiro, 506 U.S. at 539)). Thus, in order to prevail on a motion for severance, a defendant must show "compelling, specific, and actual prejudice" as a result of the court's refusal to grant a severance. Driver, 535 F.3d at 427. See also United States v. Deitz, 577 F.3d 672, 693-94 (6th Cir. 2009)(Defendant has "heavy burden" of demonstrating compelling prejudice from joinder of firearms and drug offenses).

The Court concludes that the Defendant has not met his burden of demonstrating compelling prejudice from a joint trial of the firearms and drug trafficking charge in this case. The Court specifically instructed the jury to consider each count separately. The Court also instructed the jury that the Defendant's prior conviction was only be considered in connection with the felon in possession charge. The jury is presumed to have followed the Court's

7

instructions. United States v. Harvey, 653 F.3d 388, 396 (6th Cir. 2011). In addition, the Defendant stipulated that he was a convicted felon, and therefore, the jury was not aware of the nature of the Defendant's prior conviction. The Defendant's severance argument is without merit.

Next, the Defendant argues that the Court erred in permitting Detective Matthew Grindstaff, the "victim" in this case, to give his opinion that certain evidence recovered from the residence was consistent with street-level drug trafficking. The Government initially called Detective Grindstaff at the trial as a fact witness regarding a trash pull at the residence in question, subsequent entry into the residence, and the items of evidence found in the residence. (Trial Transcript, Vol. II, at 8-102 (Docket No. 267)). Later in the trial, the Government called Detective Grindstaff to give his opinion as follows:

> Q. Detective, do you have an opinion as to whether there are any indicia of drug trafficking in this particular case?
>
> A. I do.
>
> Q. And what specifically are those?
>
> A. Specific items are the large amount of money. The $1,640. The digital scale that has marijuana residue in it. Also, the firearms that we recovered inside the residence. And then the multiple packages of marijuana as well.
>
> * * *
>
> A. I believe the presence take all those items together, and I believe that those are items that somebody would use to sell narcotics, specifically marijuana.

(Trial Transcript, Vol. III, at 98 (Docket No. 268)).

Before allowing Detective Grindstaff to give his opinion, the Court held a jury-out hearing during which the Government established the witness's training and experience to be

allowed to give his opinion. (Id., at 412- 424). Before the jury heard Detective Grindstaff testify, the Court gave the jury a limiting instruction, based on Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, §§ 7.03 and 7.03A, regarding the witness's dual role as a fact witness and an opinion witness, and how his testimony should be considered in each role. (Id., at 430-31).

As the Court explained during the trial, based on his training and experience in investigating drug trafficking, Detective Grindstaff had sufficient expertise to give an opinion that large sums of money, digital scales with marijuana residue, firearms, and multiple packages of marijuana are consistent with drug trafficking. (Id., at 422-23). It is well-established in the Sixth Circuit that police officers may testify that circumstances are consistent with distribution of drugs rather than personal use. See, e.g., United States v. Swafford, 385 F.3d 1026, 1029-31 (6th Cir. 2004).

Defendant characterizes Detective Grindstaff as the "victim" in this case because he was fired on as he entered the residence. The drug trafficking and firearms charges against the Defendant, however, did not include the shooting as an element of the crimes, nor did the Indictment name Detective Grindstaff as a victim of the crimes. In any event, Detective Grindstaff's presence during the shooting did not undermine his ability to offer his opinion on the drug trafficking issue. The Defendant was free to cross examine Detective Grindstaff on these matters and did so.

Defendant next argues that the verdict form was unnecessarily complicated and confusing, but he does not otherwise support this claim. Accordingly, this argument is without merit.

Defendant argues that the jury was confused about Trial Exhibit 8E, and that the Government's closing argument wrongfully characterized Trial Exhibit 8E and the money evidence. In arguing that the Government's closing confused the jury, the Defendant cites the following statement by the prosecutor in discussing distributive intent:

> The presence of equipment used for the sale of drugs; digital scales. Large amount of case; $1,640 found in the defendant's pockets. The manner in which the drugs were packaged; multiple baggies street-level sales. Presence or absence of firearms; you heard there were multiple firearms in this house and one specifically attributable to this defendant, .44 caliber revolver.

(Trial Transcript, Vol. IV, at 20 (Docket No. 269)). Defendant argues that there were no "multiple baggies" in evidence, noting that there were only three quantities of marijuana located in bags. The Defendant contends that the prosecutor's argument coupled with the jury's misunderstanding regarding the nature of Trial Exhibit 8E resulted in jury confusion and entitles him to a new trial.

During deliberations, the jury sent the Court a note asking: "Can we open 8E to view actual baggies?" (Id., at 51). After sharing the contents of the note with the parties, all agreed, including the Defendant, that the exhibit should not be opened, and the Court sent a response to that effect to the jury. (Trial Transcript, Vol. IV, at 51-56 (Docket No. 269)).

At the evidentiary hearing on April 24, 2013, the Defendant introduced evidence relating to Trial Exhibit 8E. Jennifer Sullivan, a Special Agent working in the TBI crime laboratory, testified that the exhibit at issue came to her in an evidence bag containing a large black piece or bag of torn plastic that had been tied. The large black plastic piece contained marijuana, and also contained a smaller black piece of tied plastic with marijuana, which contained another small black piece of tied plastic with marijuana, and a clear piece of tied plastic with marijuana.

Two ecstasy pills were also present. Ms. Sullivan testified that in putting the exhibit back together after conducting her analysis, she repackaged it with other clear plastic ("ziploc") lab bags for safekeeping.

The Court is not persuaded that jury confusion about the lab bags contained in Trial Exhibit 8E led the jury to wrongfully convict the Defendant. As pointed out above, the testimony at trial indicated that officers initially obtained "several baggies with marijuana inside" from the trash at the residence, along with marijuana contained in a McDonald's cup and in a brown paper bag. (Trial Transcript, Vol. II, at 11-14 (Docket No. 267)). In addition, the testimony at trial indicated that during execution of the search warrant at the residence, officers obtained a clear plastic bag of marijuana recovered from a drawer in the kitchen, a white plastic bag of marijuana recovered from the stereo in the living room, and the black plastic bag of marijuana recovered from the kitchen counter next to the digital scales in the kitchen. (Id., at 46-47, 69-70, 130-131). Moreover, photographs of the evidence as found by the police were presented to the jury. Therefore, the jury did not need to rely on Trial Exhibit 8E in concluding that multiple packages or baggies of marijuana were at the residence. For the same reason, the prosecutor's closing did not mischaracterize the evidence. Also, Trial Exhibit 8E in fact contained multiple baggies of marijuana evidencing drug trafficking. This argument is without merit.

Defendant's argument that the "lab bags" inside Trial Exhibit 8E were an "extraneous influence" on the jury, and therefore, an exception to the bar on juror testimony under Fed. R. Evid. 606, is also without merit. Trial Exhibit 8E was admitted without objection at the trial, and was not "extraneous" to the proceedings.

Finally, the Defendant argues that two defense witnesses were improperly excluded, but he does not identify the witnesses or otherwise support this claim. Accordingly, this argument is without merit.

The Court concludes that the interests of justice do not warrant a new trial in this case, and the Defendant's request for a new trial is denied.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE